NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VAN WELLS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | 20-15542 (JMV) (JSA) |
| v. | : | |
| | : | **OPINION** |
| MR. NOGAN, et al., | : | |
| | : | |
| Defendants. | : | |

**VAZQUEZ, District Judge:**

Plaintiff, a state prisoner, is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss with prejudice Plaintiff's Fourteenth Amendment claims and decline to exercise supplemental jurisdiction over his state law claims.

**I. BACKGROUND**

This case arises from Plaintiff's incarceration at South Woods State Prison. Plaintiff names the following parties as Defendants in this matter: (1) Administrator Nogan; (2) John Doe Supervisor; (3) John Doe Business Office Manager; and (4) Tamika Jacobs. According to Plaintiff, while in administrative detention, an unknown person wrote a $300.00 check to Defendant Jacobs from Plaintiff's inmate trust fund account. (D.E. 1, at 7.) Plaintiff contends that the prison Defendants, Administrator Nogan and the other prison officials, violated his rights by allowing the theft to occur and failing to return the funds to his account. (*Id*. at 4–8.) Additionally, Plaintiff contends that John Doe Supervisor failed to follow protocol, which required a supervisor to personally approve and "request[] identification from the inmate to prevent fraud," for a transfer

of over $100.00. (*Id*. at 7.) Plaintiff filed a number of grievances regarding the theft, but the prison did not return his funds.

In November of 2020, Plaintiff filed the instant Complaint, alleging that Defendants violated unspecified constitutional rights, and alleging that Defendant Jacobs committed theft and fraud. Plaintiff seeks the return of his $300.00, as well as $500.00 from each of the prison Defendants, and $10,000.00 for mental distress, physical distress, and punitive damages. (*Id*. at 9.)

**II. STANDARD OF REVIEW**

District courts must review complaints in civil actions in which a prisoner files suit against "a governmental entity or officer or employee of a governmental entity," and in actions where the plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a). District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2). When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that the prison Defendants deprived him of $300.00 from his inmate account. Plaintiff contends that the prison Defendants allowed an unspecified person to fraudulently write a $300.00 check from his account, to Defendant Jacobs. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Com. of Pa.*, 36 F.3d 1250, 1255–56 (3d. Cir. 1994)). The Court will construe the Complaint as arguing that the prison Defendants violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment.

Generally, although inmates have a due process right to retain their property, if a state actor intentionally or negligently deprives them of such property, "that deprivation does not result in a violation of the Fourteenth Amendment so long as a meaningful post-deprivation remedy for the loss is available." *Love*, 2015 WL 2226015, at *5 (citing *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984); *see also, e.g.*, *Turner v. Johnson*, No. 17-541, 2020 WL 6323698, at *5–6 (D.N.J. Oct. 28, 2020); *Gittens v. Bonds*, No. 19-13450, 2020 WL 553664, at *1 (D.N.J. Feb. 4, 2020). The Supreme Court has explained, however, "that post-deprivation remedies do not satisfy the Due Process Clause if" the state actor accomplishes the deprivation pursuant to an established state procedure, rather than through random, unauthorized action. *Turner*, 2020 WL 6323698, at *5–6 (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)); *Love*, 2015 WL 2226015, at *5.

Plaintiff contends that the prison Defendants allowed "fraudulent activity" to occur and "failed to follow the law and procedures" in place to guard against theft. (D.E. 1, at 7–8.) In other words, Plaintiff alleges that the actions that deprived him of property were unauthorized, *i.e.*, not pursuant to a state procedure. As a result, the alleged deprivation will not violate the Fourteenth Amendment so long as Plaintiff has a "meaningful post-deprivation remedy." *Love*, 2015 WL 2226015, at *5. Here, because New Jersey has provided inmates with a meaningful post-deprivation remedy through the New Jersey Tort Claims Act, N.J. Stat. § 59:1-1 *et seq.*, the Court will dismiss Plaintiff's Fourteenth Amendment claims with prejudice. *E.g.*, *Turner*, 2020 WL 6323698, at *5–6; *Love*, 2015 WL 2226015, at *5.

As no federal claims remain in this case, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, including any attempted negligence, fraud, or property tort claims. *See* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's Fourteenth Amendment claims and decline to exercise supplemental jurisdiction over Plaintiff's state law claims. An appropriate Order follows.

Dated: 5/21/21

JOHN MICHAEL VAZQUEZ<br>
United States District Judge